**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| BUNGE NORTH AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-00961-DDN |
| ) | |
| DANIEL MICKELSON d/b/a SOURCE ) | **JURY TRIAL DEMANDED** |
| ENVIRONMENTAL AND AGRICULTURE; ) | |
| OAKLEY TRUCKING, INC.; and ) | |
| ARKANSAS LIME COMPANY, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF BUNGE NORTH AMERICA, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING DEFENDANT OAKLEY TRUCKING, INC. IN LIGHT OF NEW EVIDENCE**

**I.    INTRODUCTION**

When the Court drafted and entered its January 28, 2022 Order (hereinafter "Order"), it did not have before it ten pages of crucial documentation that Plaintiff Bunge North America, Inc. ("Plaintiff" or "Bunge") believes would have changed the Court's analysis with regard to Defendant Oakley Trucking, Inc.'s ("Oakley") Motion to Dismiss (ECF No. 10). The Court did not have those documents in its possession because Bunge did not learn of them until January 13, 2022—over one month after completion of the briefing and hearing on Oakley's Motion to Dismiss. In its Order, the Court recognized the long-standing relationship among Bunge, Defendant Daniel Mickelson d/b/a Source Environmental and Agriculture ("Source"), Defendant Arkansas Lime Company ("Arkansas Lime"), and Oakley, but granted Oakley's Motion to Dismiss based on the apparent lack of a tangible connection between Oakley and the Purchase Order that contained the waiver of jurisdiction and forum selection clause upon which Bunge

relied. The new evidence Bunge discovered warrants the Court's reconsideration and denial of Oakley's Motion to Dismiss.

## II. LEGAL STANDARD FOR RECONSIDERATION

The Federal Rules of Civil Procedure do not expressly include a "motion to reconsider." *MacCormack v. Adel Wiggins Grp.*, No. 4:16-CV-414-CEJ, 2017 WL 1426009, at *1 (E.D. Mo. Apr. 21, 2017). However, district courts have "the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *Id.*, at *1 (quoting *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007)). Additionally, Rule 54(b) permits revising an interlocutory order any time prior to the entry of final judgment by providing that:

> [A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b).

Although the standard applicable to the granting of a motion under Rule 54(b) is unclear, it is typically held to be "less exacting than would be a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil [P]rocedure 60(b)." *MacCormack*, 2017 WL 1426009, at *2 (quoting *Painters Dist. Council No. 58 v. RDB Universal Servs., LLC*, No. 4:14CV01812 (ERW), 2016 WL 4368098, at *2 (E.D. Mo. Aug. 16, 2016)) (internal quotations omitted). A district court has "substantial discretion" to reconsider its prior interlocutory orders. *MacCormack*, 2017 WL 1426009, at *2 (citing *Robinson Mech. Contractors Inc. v. PTC Grp. Holding Corp.*, No. 1:15CV77 SNLJ, 2017 WL 386541, at *2 (E.D. Mo. Jan. 27, 2017)).

Under Rule 54(b), a court may reconsider an interlocutory order to "correct any clearly or manifestly erroneous findings of fact or conclusions of law." *MacCormack*, 2017 WL1426009, at

2

*2 (quoting *Bancorp Servs., L.L.C. v. Sun Life Assurance Co. of Canada*, No. 4:00-CV-1073 (CEJ), 2011 WL 1599550, at *1 (E.D. Mo. Apr. 27, 2011); *see also Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). A motion to reconsider may be granted if the earlier decision "(1) misunderstood a party, (2) made a decision outside of the adversarial issues, or (3) would be rendered incorrect because of a 'controlling or significant change in law' since the issues were submitted to the Court." *MacCormack*, 2017 WL 1426009, at *2 (quoting *Trickey v. Kaman Indus. Techs. Corp.*, No. 1:09-CV-00026-SNLJ, 2011 WL 2118578, at *2 (E.D. Mo. May 26, 2011)) (internal quotations omitted).

While a motion for reconsideration is **not** a "vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending," *see Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015), one key purpose of a motion for reconsideration is "**to present newly discovered evidence**." See *Painters Dist. Council No. 58*, 2016 WL 4368098, at *2 (internal quotations omitted) (emphasis added) (quoting *Boswell v. Panera Bread Co.*, No. 4:14-CV-01833-AGF, 2016 WL 1392066, at *2 (E.D. Mo. Apr. 8, 2016)). Moreover, when evaluating whether to grant a motion to reconsider, the Court should keep in mind its "interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders." *MacCormack*, 2017 WL 1426009, at *2 (quoting *Trickey*, 2011 WL 2118578, at *2) (internal quotations omitted).

### III.   NEWLY-DISCOVERED EVIDENCE WARRANTS RECONSIDERATION

In its Order, the Court correctly concluded that Arkansas Lime's 100+ bills of lading, together with the Purchase Order signed by Source that contained the waiver of jurisdiction and forum selection clause, indicated that Arkansas Lime "knew it had contracted (albeit with Source Environmental) to be the source of the calcium carbonate that was the subject matter of the

3

purchase order and that the receiving customer would be Bunge . . . ." *See* Order, ECF No. 43, at 10. As the Court also noted, this knowledge was "bolstered by the fact that Arkansas Lime continued . . . over one hundred times, twice a week for over a year" to manufacture product and produce bills of lading to fulfill Bunge's orders via Source. *See id.* at 10–11.

The record before the Court at the time of its ruling necessarily only included information and documents within Bunge's possession because discovery had not yet taken place among the parties. Bunge was able to submit Arkansas Lime's bills of lading because Bunge had retained its "customer" copy at the time of each delivery. Bunge, however, possessed no such similar paperwork directly demonstrating Oakley's knowledge that its deliveries were made pursuant to the Purchase Order that contained the waiver of jurisdiction and forum selection clause; the Court, therefore, found that Oakley did not have the same level of knowledge as Arkansas Lime that its deliveries were made pursuant to a Purchase Order between Source and Bunge. Under the Court's analysis, other than an Oakley truck driver's signature on Arkansas Lime's bills of lading, the paperwork simply did not demonstrate a sufficient connection between the Purchase Order and Oakley's deliveries. Thus, unlike Arkansas Lime, no tangible connection established Oakley's direct knowledge of the jurisdictional waiver terms upon each bi-weekly delivery over the course of four months prior to the problematic delivery in August 2020 (and continuing for sixteen additional months thereafter).

After briefing on Oakley's Motion concluded, the Court, on December 8, 2021, held a hearing on Oakley's Motion to Dismiss. On January 13, 2022, just two weeks before the Court issued its Order, the parties exchanged their Rule 26(a) Initial Disclosures and accompanying document production. Source, as part of its document production accompanying its Initial Disclosures, produced invoices that were issued by Oakley to Source that were not contained in

4

the briefing record on Oakley's Motion to Dismiss.[1] It appears that Oakley created these invoices in order to bill Source for Oakley's deliveries of Arkansas Lime's product to Bunge.[2] Oakley's letterhead is prominently displayed at the top of each invoice, and all of Oakley's invoices clearly state on their face that Bunge is the ultimate customer (consignee):



*See* Exhibit 1. And, importantly, **Oakley** inserted **on its invoices** a cross-reference to Arkansas Lime's bill of lading number, which means that, for each delivery, the bill of lading containing Bunge's Purchase Order number (and the jurisdictional waiver clause) was provided to Oakley:

---

[1] Oakley's invoices are submitted as Exhibit 1 with Bunge's separate Motion for Sealing based upon the Court's Local Rule 13.05 because Defendant Source marked them in their entireties as Confidential and Oakley has not yet consented to public disclosure of the pricing information at the time of filing.

[2] Oakley did not produce these invoices as part of its document production accompanying its Rule 26(a) Initial Disclosures, presumably because Oakley did not intend to use the documents to support its claims or defenses (given that the documents undermine Oakley's position).

5



*See id*. In light of these new documents that were not previously available to Bunge or the Court, it is now clear that, just like Arkansas Lime, Oakley similarly "knew it had contracted (albeit with Source Environmental) to be the [transportation company for] the calcium carbonate that was the subject matter of the purchase order and that the receiving customer would be Bunge . . . ." *See* Order, ECF No. 43, at 10. Because these documents were not produced to Bunge until January 13, 2022, long after briefing closed and the Court held oral argument, the Court did not have this information before it when it issued the Order.

These newly-discovered documents warrant the Court's reconsideration of its Order, and, for the same reasons that the Court correctly denied Arkansas Lime's Motion to Dismiss, these new documents similarly illustrate that denial of Oakley's Motion to Dismiss is appropriate. Alternatively, Bunge renews its request for jurisdictional discovery to the extent the Court has any question or doubt regarding the significance of the documents, the quantity of invoices Oakley created for the 103 deliveries to Bunge, or whether Oakley physically possessed the Purchase Order or pertinent bill of lading when it created and issued such invoices to Source. Indeed, in its Reply in Support of its Motion to Dismiss, **Oakley conceded** that "jurisdictional discovery is appropriate" under Eighth Circuit law in the "event the Court, at Plaintiff's request, finds that the

6

facts are unclear, disputed, or insufficient to establish personal jurisdiction over Oakley[.]" *See* ECF No. 30, at 11. Thus, to the extent necessary, Bunge reasserts and incorporates herein by reference its argument for jurisdictional discovery set forth in its Opposition to Oakley's Motion to Dismiss. *See* ECF No. 27, at 12–15 (citing *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."); *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 712–13 (8th Cir. 2003) (district court has discretion to permit jurisdictional discovery)). New evidence has already surfaced once; therefore, in order to avoid further multiplication of proceedings and waste of judicial resources, Bunge should—at the very least—be granted leave to conduct further jurisdictional inquiry at this juncture.

## IV. CONCLUSION

Both Defendants Arkansas Lime and Oakley operated under the same Purchase Order terms approximately twice per week beginning in April 2020 through August 2021, totaling 103 deliveries pursuant to the very Purchase Order at issue in this case. *See* Ex. A to Decl. of Christie M. Trench, ECF Nos. 27-2 & 27-3. In light of the newly-discovered documents and as explained herein, Bunge has satisfied the "minimal" evidentiary showing required, and the fact-intensive "closely-related" test is satisfied in this case because Oakley derived benefit from the PO, knew that Bunge and the PO were the source of that benefit (as demonstrated by Oakley's invoices), and maintains a close and ongoing relationship with the parties to the PO. For all the foregoing reasons, Bunge requests that the Court reconsider its Order granting Defendant Oakley Trucking, Inc.'s Motion to Dismiss. Alternatively, Bunge requests that the Court stay any additional briefing on this Motion for Reconsideration and enter an Order permitting Bunge to conduct jurisdictional discovery directed at Oakley.

                    Respectfully submitted,

Dated: February 2, 2022          **LEWIS RICE LLC**

                                By: /s/ *Bridget Hoy*
                                  Bridget Hoy, #50733MO
                                  Taylor J. Essner, #70048MO
                                  600 Washington Avenue, Suite 2500
                                  St. Louis, Missouri 63101-1311
                                  Telephone:   (314) 444-7600
                                  Facsimile:   (314) 612-7837
                                  Email:  bhoy@lewisrice.com
                                                  tessner@lewisrice.com

                    ***Attorneys for Plaintiff Bunge North America, Inc.***