## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| BUNGE NORTH AMERICA, INC. | ) ) | Case No.: 4:21-cv-00961 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **Jury Trial Requested** |
| | ) | |
| DANIEL MICKELSON d/b/a SOURCE ENVIRONMENTAL AND AGRICULTRUE; OAKLEY TRUCKING, INC.; and ARKANSAS LIME COMPANY, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT ARKANSAS LIME COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR RECONSIDERATION

COMES NOW Defendant Arkansas Lime Company ("Arkansas Lime"), by and through its undersigned counsel of record, and for its Memorandum in Support of its Motion for Reconsideration, states as follows:

Arkansas Lime makes this request for reconsideration pursuant to Rule 54(b) and this Court's inherent power to correct any erroneous findings of fact or conclusions of law.

The Court, in its January 28, 2022 Order, denied Arkansas Lime's Motion to Dismiss for Lack of Personal Jurisdiction, but granted co-Defendant Oakley Trucking Company's Motion to Dismiss for Lack of Personal Jurisdiction. The Court held that "nothing in the record binds Oakley Trucking to the purchase order that contains the forum selection clause asserted by Plaintiff." *See* Memorandum and Order. 11. Jan. 28, 2022. In support of that conclusion, the Court provided a detailed analysis of Arkansas Lime's bill of lading related to the August 18, 2020, delivery that is the subject of this litigation concluding that nothing in the record indicates specifically that P.O.

1

3322 contains the same forum selection clause found on the other purchase orders identified by plaintiff. *Id*. Instead, the Court correctly pointed out that there is a different purchase order number, a different purchasing customer (Kimes Construction Co.) and a different location for delivery. *See* Memorandum and Order. 11. Jan. 28, 2022. As such, the Court correctly concluded Oakley Trucking was merely an indirect, incidental beneficiary of the purchase order relationship between Plaintiff and Source Environmental and that Oakley had no substantial contact with Missouri. *See* Memorandum and Order. 12. Jan. 28, 2022.

The same set of facts and conclusions of law as applied to Defendant Oakley Trucking Company should also apply to Arkansas Lime. Ultimately, Arkansas Lime was also a mere indirect, incidental beneficiary of the purchase order between Plaintiff and Source Environmental in the same way that Defendant Oakley was, and it too had no substantial contacts with Missouri.

The Court also based its denial on Arkansas Lime's bills of lading stating that those, plus Plaintiff's allegations, were "sufficient to alert Arkansas Lime Company to the fact that it could be hauled into this federal court or a Missouri circuit court for the dispute alleged in Plaintiff's complaint." *See* Memorandum and Order. 10. Jan. 28, 2022. The Court further iterated that Arkansas Lime's bill of lading included the respective purchase order number thereby acknowledging the purchase order's (between Defendant Source and Plaintiff) paragraph 18 forum selection clause which indicated that Arkansas Lime knew it contracted (albeit with Source Environmental) to be the source of calcium carbonate that was the subject matter of the purchase order, and that the receiving customer would be Bunge at its Destrehan facility. *Id*. As to the Court's conclusion that Arkansas Lime, by use of a purchase order number, acknowledged a separate purchase order that it was not a party to, Arkansas Lime reiterates that it did not enter into a contract with Plaintiff or any of the Co-Defendants regarding the mining, production, hauling,

transportation, or delivery of the product identified by Plaintiff in the Complaint. *See* Doc 22-3, ¶ 12.

Moreover, the mere use of a purchase order number is insufficient to find that Arkansas Lime should reasonably foresee being bound by the forum selection clause contained in an agreement it had no knowledge of and that it was not a party to.  *See* Doc 35, pg. 7. In fact, there are multiple reasons why Defendant Source may have used the same purchase order number when fulfilling an order with Arkansas Lime that is entirely unrelated to Arkansas Lime having actual or constructive knowledge of the forum selection clause or of the overall terms in the purchase order in general. *Id*. Additionally, Plaintiff has not asserted that Arkansas Lime had any actual or constructive knowledge of the purchase order between it and Defendant Source Environmental and cannot do so. *Id*.

Lastly, the Court indicated that its conclusion as to Arkansas Lime is bolstered by the fact that Arkansas Lime continued to operate under the purchase orders that contained paragraph 18 forum selection clause over one hundred times, twice a week for over a year. *See* Memorandum and Order. 10-11. Jan. 28, 2022. Defendant Oakley was also included on those bills of lading under the "carrier name" for each of the deliveries the court alludes to that were made over a hundred times, twice a week, for over a year; however, the Court does not mention this in granting Defendant Oakley's Motion to Dismiss.

As such, and for the above reasons, Arkansas Lime respectfully asks this Court to reconsider its Motion to Dismiss for Lack of Personal Jurisdiction based on the above facts and/or conclusions of law that it finds erroneous and grant its Motion to Dismiss for Lack of Personal Jurisdiction.

Respectfully submitted,

By:    */s/ Katie E. St. John*

Jeffrey J. Brinker, #MO30355
Katie E. St. John, #MO73028
BRINKER & DOYEN, L.L.P.
34 N. Meramec Avenue – 5th Floor
Clayton, Missouri 63105
Telephone: (314) 863-6311
Facsimile: (314) 863-8197
jbrinker@brinkerdoyen.com
kstjohn@brinkerdoyen.com
***Attorneys for Defendant Arkansas Lime Company***

## CERTIFICATE OF SERVICE

    I hereby certify that on this 8th day of February, 2022, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Bridget Hoy
Taylor J. Essner
LEWIS RICE LLC
600 Washington Avenue, Ste. 2500
St. Louis, MO 63101-1311
Telephone: (314) 444-7600
Facsimile: (314) 612—7837
bhoy@lewisrice.com
tessner@lewisrice.com
***Attorneys for Plaintiff***

Michael R. Cherba
Randall D. Grady
RIEZMAN BERGER, P.C.
7700 Bonhomme Avenue, 7th Floor
St. Louis, MO 63105
Telephone: (314) 727-0101
Facsimile: (314) 727-6458
mrc@riezmanberger.com
rdg1@riezmanberger.com
***Attorneys for Defendant Oakley Trucking, Inc.***

Christopher J. Petri
BYRON CARLSON PETRI & KALB, LLC
411 St. Louis Street
Edwardsville, IL 62025
Telephone: (618) 655-0600
Facsimile: (618) 655-4004
cjp@bcpklaw.com
**Attorneys for Defendant Daniel Mickelson**
**d/b/a Source Environmental and Agriculture**

*/s/ Katie E. St. John*