UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BUNGE NORTH AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 4:21 CV 961 DDN |
| DANIEL MICKELSON d/b/a SOURCE | ) | |
| ENVIRONMENTAL AND | ) | |
| AGRICULTURE; | ) | |
| OAKLEY TRUCKING, INC.; and | ) | |
| ARKANSAS LIME COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the separate motions for reconsideration filed by plaintiff Bunge North America, Inc. (Doc. 44) and defendant Arkansas Lime Company (Doc.  51).  The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

The Court heard argument on the motions on March 4, 2022.  For the reasons set forth below, plaintiff's motion for reconsideration is sustained and that of defendant Arkansas Lime is denied.

## BACKGROUND

This case arises out of the alleged delivery of a non-conforming substance to plaintiff Bunge.  Plaintiff contracted with defendant Source Environmental and Agriculture ("Source Environmental") to procure calcium carbonate for use in the manufacture of soybean meal.  The calcium carbonate is manufactured by defendant Arkansas Lime and transported from Arkansas Lime's facility to plaintiff's facility by defendant Oakley Trucking, Inc.  Defendant Source Environmental is a Georgia entity; defendants Arkansas Lime and Oakley are Arkansas corporations with their principal places of business in Arkansas.

The business relationship between plaintiff and defendant Source Environmental was formalized in a purchase order ("P.O.") that contains a forum selection clause; the forum selection clause states that "[e]ach party to this purchase order irrevocably submits to the jurisdiction of the United States District Court of Missouri or the circuit courts located in St. Louis County, Missouri." (Doc. 1-1 ¶ 18.)  Neither Arkansas Lime nor Oakley was a signatory to the P.O. Plaintiff seeks to establish personal jurisdiction over Arkansas Lime and Oakley pursuant to the forum selection clause through the "closely related" doctrine.[1]

On January 28, 2022, the Court issued an order denying the motion of defendant Arkansas Lime to dismiss for lack of personal jurisdiction and granting that of defendant Oakley. (Doc. 43 at 13.)  In denying defendant Arkansas Lime's motion to dismiss, the Court noted that defendant Arkansas Lime included on its bills of lading plaintiff's P.O. number. (*Id.* at 10.)  The Court concluded that the forum selection clause in the P.O., the inclusion of the P.O. numbers on defendant Arkansas Lime's bills of lading, and its continued performance under the P.O. that contained the forum selection clause were sufficient to bind Arkansas Lime to the forum selection clause under the "closely related" doctrine. (*Id.* at 10-11.)

In granting defendant Oakley's motion to dismiss, the Court noted that nothing in the record sufficiently related Oakley to the P.O. containing the forum selection clause. (*Id.* at 11.) The Court concluded that, on the record before it at the time of the order, defendant Oakley "was merely an indirect, incidental beneficiary of the P.O.; its only substantial business relationship in

---

[1] In its January 28, 2022, Memorandum and Order the Court stated the relevance of the "closely related" doctrine thus:

> In this case, the defendant-movants are not signatories to any PO that contains the paragraph 18 forum selection clause. However, "[a] third party will be bound to a forum selection clause only when the third party is closely related to the dispute such that it becomes foreseeable that it will be bound." *Kleiman v. Kings Point Cap. Mgmt., LLC*, No. 4:17 CV 2278 HEA, 2018 WL 3328012 at *4 (E.D. Mo. July 6, 2018) (ruling that plaintiff was sufficiently closely related to the signatories of the forum selection clause and to the cause of action to be bound by the forum selection clause) (citing *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001)).

(Doc. 43 at 9.)

the context of plaintiff's complaint was with defendant Arkansas Lime; and it had no substantial contact with Missouri." (*Id*. at 12.)

Plaintiff now moves for reconsideration of the Court's dismissal of defendant Oakley, citing new evidence obtained after the completion of briefing and hearing on defendant Oakley's motion to dismiss. (Doc. 45 at 1.) Defendant Arkansas Lime moves for reconsideration of the Court's denial of its motion to dismiss. (Doc. 52 at 1.)

## DISCUSSION

While the Federal Rules of Civil Procedure do not mention a motion for reconsideration, "[t]he Court has the authority to reconsider its own interlocutory decisions, and the inherent authority to revise any order before entry of judgment." *Miravalle v. One World Technologies, Inc.*, No. 4:18 CV 304 JMB, 2021 WL 426436 at *2 (E.D. Mo. Feb. 8, 2021). Federal Rule of Civil Procedure 54(b) allows the Court to revise an order or decision "any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under [Rule] 59(e), which is in turn less exacting than the standards enunciated in [Rule] 60(b)." *MacCormack v. Adel Wiggins Group*, No. 4:16-CV-414-CEJ, 2017 WL 1426009 at *2 (E.D. Mo. April 21, 2017) (internal quotations and citations omitted).

"A motion for reconsideration serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence." *Miravelle* at *2 (quoting *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016)). "A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V Pharmaceutical Co.*, 791 F.3d 915, 923 (8th Cir. 2015).

### *Plaintiff's motion*

In support of its motion for reconsideration, plaintiff proffers five invoices prepared by defendant Oakley. (Doc. 48 at 1, 3, 5, 7, 9.) Defendant Source Environmental produced the invoices as part of its initial disclosures on January 13, 2022, one month after the Court heard argument on defendants Arkansas Lime's and Oakley's motions to dismiss. (Doc. 45 at 4.) The invoices identify defendant Arkansas Lime as the shipper, defendant Source Environmental as the payee, and plaintiff as the consignee, or ultimate recipient. (Doc. 48 at 1, 3, 5, 7, 9.) The reference

-3-

numbers on the invoices correspond to the numbers on the top right corners of the bills of lading. (*Id.*)  Plaintiff contends that the invoices show that defendant Oakley derived a benefit from the P.O., knew that plaintiff and the P.O. were the source of the benefit, and maintains a close and ongoing relationship with the parties and the P.O.  (Doc. 45 at 7.)  It therefore requests that the Court reconsider its order granting defendant Oakley's motion to dismiss.  (*Id.*)

Defendant Oakley argues that evidence of its knowledge of plaintiff's P.O. was before the Court at the time of its motion to dismiss, as the bills of lading were signed by Oakley drivers; therefore, the invoices are not new evidence.  (Doc. 54 at 3.)  Defendant Oakley further argues that, regarding the delivery at issue, the reference number on the invoice does not match the bill of lading.  (*Id*. at 3-4.)  The reference number on the invoice is 3349389, and defendant Oakley states that the bill of lading number is 3349339.  (*Id.*; Doc. 48 at 3-4.)

In reply, plaintiff asserts that the invoices show defendant's Oakley's specific, repeated, and documented awareness of the P.O. containing the forum selection clause, which was not before the Court when it considered the motion to dismiss.  (Doc. 56 at 1.)  Plaintiff argues that the invoices undermine the Court's conclusion that defendant Oakley's alleged misdelivery should be viewed as a stand-alone transaction, as the invoices illustrate that defendant Oakley knew that its delivery was made in furtherance of the P.O.  (*Id*. at 3-4.)  Lastly, it argues that the discrepancy between the reference number on the invoice and the bill of lading number can be attributed to a typographical error, and it is irrelevant to the analysis.  (*Id*. at 4, note 2.)

The second to last number on the bill of lading is faint, and it is not clear to the Court whether it is a 3 or an 8.  (Doc. 48 at 3-4.)  However, while there are differences between the information on the invoice and the bill of lading, including the wrong customer, delivery address, and product description, the shipping date and product weight are the same on both documents. (*Id*.)  The Court finds it more likely than not that the invoice with reference number 3349389 refers to the bill of lading for the delivery at issue.

Further, the Court finds that the invoices prepared by defendant Oakley are new evidence. At the time the Court issued its order dismissing defendant Oakley from the case, the only evidence tying defendant Oakley to plaintiff's complaint were the bills of lading, prepared by defendant Arkansas Lime and signed by representatives of plaintiff and defendant Oakley.  The bills of lading indicated to the Court that defendant Oakley's only substantial business relationship in the context of the complaint was with defendant Arkansas Lime.  (Doc. 43 at 12.)  The invoices, however,

show defendant Oakley's knowledge of and participation in the business relationship between the parties, established by the P.O. containing the forum selection clause.  As indicated by the parties listed on the top of each invoice, including for the delivery at issue, defendant Source Environmental is the payee, defendant Arkansas Lime is the shipper, defendant Oakley is the transporter, and plaintiff is the ultimate recipient of the goods.  (Doc. 48 at 3.)  Additionally, Oakley included the bill of lading number for the relevant delivery on each invoice, and the bill of lading references the P.O. containing the forum selection clause.  (*Id.*)  Defendant Oakley's awareness of the business relationship between the parties, the inclusion of the bill of lading number on the invoices, and defendant Oakley's continued operation under the P.O. are sufficient to establish that it was "closely related" to the signatories of the P.O. and to the cause of action.

As the Court concluded regarding defendant Arkansas Lime, it does not offend the "traditional notions of fair play and substantial justice," *Insurance Corp. of Ireland, Ltd.,* 456 U.S. at 703 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted), for defendant Oakley to be haled into a court that was indicated by purchase order paragraph 18.  The Court sustains plaintiff's motion and reinstates Oakley Trucking, Inc. as a defendant.

### *Defendant Arkansas Lime's motion*

Defendant Arkansas Lime does not present any new evidence or arguments in support of its motion for reconsideration.  Rather, it reiterates its argument that it was an indirect, incidental beneficiary of the P.O., and it did not have substantial contacts with Missouri.  (Doc. 52 at 2.)  It further argues that the mere use of the P.O. number on its bills of lading is insufficient to bind it to the forum selection clause, as it had no knowledge of and was not a party to the forum selection clause.  (*Id*. at 3.)

In its argument that the mere use of the P.O. on the bills of lading are insufficient to bind it to the P.O., defendant Arkansas Lime misunderstands the Court's analysis.  The Court concluded that the forum selection clause in the P.O., the inclusion of the P.O. numbers on defendant Arkansas Lime's bills of lading, and its continued performance under the P.O. that contained the forum selection clause were sufficient to bind Arkansas Lime to the forum selection clause under the "closely related" doctrine.  (*Id*. at 10-11.)

In its motion for reconsideration, defendant Arkansas Lime does not present any new evidence or arguments.  The Court therefore denies Arkansas Lime's motion for reconsideration.

-5-

## <u>CONCLUSION</u>

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of plaintiff for reconsideration **(Doc. 44) is sustained.**  Oakley Trucking, Inc., is reinstated as a defendant in the case.

**IT IS FURTHER ORDERED** that the motion of defendant Arkansas Lime Company for reconsideration **(Doc. 51) is denied.**


_____/s/   David D. Noce_____
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 17, 2022.